# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **ROCHELLE JONES** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| **A EZ OUT BAIL BONDS** | § | **DEMAND FOR JURY TRIAL** |
| *Defendant.* | § | |

## PLAINTFF'S ORIGINAL COMPLAINT

**COME NOW** Plaintiff, Rochelle Jones and files this Original Complaint against A EZ Out Bail Bonds as follows:

## INTRODUCTORY STATEMENT

1. This action is brought by Rochelle Jones who was the victim of harassment during her employment with Defendant A EZ Out Bail Bonds. She is bringing this action for:

    (a) Creation of a Hostile and Abusive Work Environment;

    (b) Sexual Harassment (Title VII Civil Rights Act, Chapter 21 Texas Labor Code);

    (c) Intentional infliction of emotional distress;

## JURISDICTION AND VENUE

2. Jurisdiction of this case is invoked under 42 U.S.C. 1331(3) and (4) to secure relief authorized by 29 U.S.C. § 2601(b), 42 U.S.C. § 12101, et seq. as well as § 2000e. In addition, jurisdiction is proper in that Plaintiff seeks declaratory relief and judgment under 28 U.S.C. §§2201 and 2202 declaring that Defendant A-EZ Out Bail Bonds discriminated against Plaintiff. This Court has jurisdiction is also invoked over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because they form part of the same case or controversy under Article III of the United States Constitution as the claims over which this Court has original jurisdiction.

4. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events giving rise to the Plaintiff's claims occurred in this District at A-EZ Out Bail Bonds located in Dallas County.

## PARTIES

5. The Plaintiff, Rochelle Jones, is an adult citizen of Dallas County, State of Texas.

6. The Defendant, A EZ Out Bail Bonds, whose principal place of business is at 234 S. Riverfront Boulevard, Dallas, TX 75207 and is subject to service of process at 234 S. Riverfront Boulevard, Dallas, TX 75207.

## FACTS COMMON TO ALL CLAIMS

7. Ms. Rochelle Jones was hired as a Sales Agent by Osiris Camacho of A EZ Out Bail Bonds, on December 26, 2017, after being assured that the work environment would not be unprofessional. From the moment Ms. Jones started working on December 27, 2017, she was subjected to an unprofessional and hostile work environment. In January of 2018, Miguel and Edgar Salazar, Janette Tovar, and Norma Williamson called Ms. Jones a transgender and referred to her as "Rashad" for the next couple of days. After expressing her discomfort to the owner, Edgar Salazar, he simply smiled and did not acknowledge her discomfort.

8. In response to Ms. Jones expressing her feelings, Ms. Williamson pulled out a black rubber penis and waved it in front of Ms. Jones's face while the other co-workers laughed. Mr. Edgar Salazar and Mr. Miguel Salazar commonly made degrading comments to Ms. Jones regarding her appearance. On January 25, 2018, Mr. Edgar Salazar stated that Ms. Jones did not look like she had her hair and nails done. Shortly after, Mr. Miguel Salazar yelled "Suck my Dick!" to Ms. Jones.

9. The work environment only became more hostile. Ms. Tovar would play with Mr. Edgar Salazar's gun and take pictures with it as if it was a toy. On or about January 26th, 2018, Mr. Edgar Salazar removed most, but not all, of the bullets from the gun and began to pull the trigger. After expressing her discomfort with him playing with a gun, MR. Salazar and the other coworkers just laughed and continued to play with the gun.

10. Ms. Jones commonly experienced different forms of harassment from her coworkers. Mr. Edgar Salazar asked her in front of the other coworkers if she was HIV positive. In February of 2018, a customer was referred to as Ms. Jones's uncle because he was an African-American male. Ms. Jones was referred to as "the help" because she was the only employee who would clean the employee restroom. Ms. Jones was also subjected to sexual harassment. On several occasions John came into her department and subjected her to unwanted physical advances. When Ms. Jones would ask him to refrain from touching her, John would reply that they should "make a baby because (he) makes cute babies."

11. On March 5, 2018, Ms. Jones reported the difficult work environment and unwanted advances to Ms. Camacho. Ms. Camacho confirmed that the advances were sexual harassment and that Mr. Edgar Salazar had been accused of sexual harassment at the Tarrant County office. During this meeting Ms. Jones expressed that she suffers from depression and

anxiety and that the work environment had seriously affected her. Ms. Camacho stated that the behavior would not happen again. After this meeting, Mr. Edgar Salazar apologized to Ms. Jones for his behavior.

12. On April 13, 2018, John was drinking alcohol in the office. While doing an audit report, Ms. Jones noticed a discrepancy and asked Ms. Williamson to clarify the information. Ms. Williamson went to John and John started screaming about Ms. Jones. He stated "She's fucking talking shit about me." Ms. Jones reported the drinking and outburst to Ms. Camacho and Eddie Salazar, the owner. Mr. Salazar stated that he could not fire John because the unemployment would cause him a financial loss. Ms. Camacho stated that there was nothing else she could do for Ms. Jones as they had already had someone come and talk to the office regarding sexual harassment in the workplace. Ms. Jones expressed that the work environment was affecting her anxiety and depression and Mr. Salazar told her that they needed someone who could show up and work.

13. The stress from the work environment resulted in an increase in her blood pressure and caused Ms. Jones to have to change her medication for depression and anxiety. Ms. Jones could not continue to sacrifice her health for this hostile work environment so she resigned from her position.

14. Subsequently, on or about February 7, 2019 Plaintiff timely submitted a formal charge with the EEOC against A EZ Out Bail Bonds for violation of her rights under Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code.

15. Thereafter, the EEOC issued to Plaintiff a Notice of Right to Sue. This action has therefore been timely filed for purposes of the Notice of Right to Sue.

16. Pleading further, Plaintiff would show that Defendant A EZ Out Bail Bonds has, among other things, violated Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code, rendering Defendant A EZ Out Bail Bonds liable to Plaintiff for her injuries and damages proximately caused by said violations and egregious conduct.

17. The above and foregoing acts and omissions, whether taken singularly or in any combination, were a proximate cause of Plaintiff's injuries and damages.

### FIRST CLAIM FOR RELIEF
Creation of a Hostile and Abusive Work Environment – Action for Damages

18. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

19. Defendant A EZ Out Bail Bonds created a work environment that was both hostile and abusive. Managers and other employees of A EZ Out Bail Bonds continuously mocked, and even ridiculed Plaintiff throughout the term of her employment with them, forcing her to end her employment prematurely. This exhibit of ill will, malice, improper motive, and indifference toward Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

20. As a proximate result of Defendant's creation of a hostile and cruel work environment, Plaintiff was subjected to severe emotional distress, including, but not limited to, humiliation and mental anguish, manifested by sleepless nights, loss of appetite, and headaches, along with the destruction of her professional career, reputation and her ability to earn a living among other things, all to Plaintiff's damage in an amount to be determined at the time of trial.

21.     The facts in support of this allegation are *inter alia* as follows:

## SECOND CLAIM FOR RELIEF
Sexual Harassment
(Title VII of the Civil Rights Act, Chapter 21 Texas Labor Code)

22.     Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

23.     At all times relevant herein, Defendant was and continues to be an employer within the meaning of Chapter 21 of the Texas Labor Code.

24.     At all times relevant herein, Plaintiff was employed with Defendant as an "employee" within the meaning of Chapter 21 of the Texas Labor Code.

25.     Sexual harassment claims are actionable under Title VII in two circumstances: (1) "when ... a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands"; and (2) if there is "severe or pervasive" sexual harassment creating a hostile work environment." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753-54 (1998).

26.     A plaintiff in a hostile work environment claim must establish that: (1) that she belongs to a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action. *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005).

27.     Defendant's sexual harassment violations include, but are not limited to, unwanted sexual touching of Plaintiff, derogatory sexual comments made toward Plaintiff,

waving a black rubber penis in the face of Plaintiff, and an employee telling Plaintiff to "Suck my Dick."

28. Defendant's conduct in failing to address Plaintiff's complaints and take prompt remedial action was willful and was not based upon any reasonable interpretation of law. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

### THIRD CLAIM FOR RELIEF
Intentional Infliction of Emotional Distress – Action for Damages

29. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

30. The conduct of Defendant as alleged herein, was outrageous, as it exceeded the bounds of common decency tolerated by a civilized society, and was intended to cause Plaintiff to suffer emotional distress or was committed with reckless disregard to the probability of causing Plaintiff to suffer emotional distress.

31. The conduct of Defendant as alleged herein has caused Plaintiff to suffer severe emotional distress, including, but not limited to, humiliation and mental anguish manifested by anxiety attacks, sleepless nights, loss of appetite and headaches, as well as loss of income and the destruction of her professional career, reputation and her ability to earn a living among other things, all to Plaintiff's damage in an amount to be determined at the time of trial.

### AGENCY, RESPONDEAT SUPERIOR, RATIFICATION AND/OR NON-DELEGABLE DUTY

32. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

33. Pleading further and/or in the alternative, Defendant A-EZ Out Bail Bonds is responsible for the acts and omissions of its employees, agents and vice principals under the doctrines of respondeat superior, agency, ratification and/or non-delegable duty.

## EXEMPLARY AND/OR PUNITIVE DAMAGES

34. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

35. The conduct of Defendant and its agents, employees and representatives has been done willfully, recklessly, wantonly, maliciously and/or intentionally. Accordingly, Plaintiff is entitled to recover exemplary and punitive damages in an amount determined by the jury that is sufficient to punish Defendant and to serve as an example to others and as a deterrent to such future conduct.

36. In addition, Plaintiff would show that the foregoing acts and/or omissions of the Defendant, whether taken singularly, collectively, or in any combination, amount to such willful wanton and malicious misconduct as to evidence a conscious indifference to the rights, safety and welfare of Plaintiff. Additionally, Plaintiff would show as well, that Defendant's acts and/or omissions amount to malice, as that term is defined in law. As a proximate result of Defendant's acts and/or omissions, Plaintiff is therefore entitled to recover exemplary or punitive damages from the Defendant.

37. The amount of damages will be according to the proof at trial, and, ultimately, it will be up to the jury or the Court to decide damages. Plaintiff respectfully pray that the trier of fact return a verdict providing for the maximum in actual and punitive damages as to Plaintiff, or in the jury's or Court's discretion, whatever amount of damages that the jury decides is just.

38. In summary, the acts of the individual Defendant which culminated in the unlawful termination of Plaintiff resulted from the willful, wanton, reckless, grossly negligent and total disregard of Plaintiff's Constitutional rights such that exemplary damages should be recovered against them in this action. The acts of Defendant, acting in their individual capacity, were so flagrant as to offend a public's sense of justice and propriety. Such conduct should be justly punished to deter future misconduct.

## ACTUAL AND COMPENSATORY DAMAGES

39. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

40. As a direct and proximate result of Defendant's actions and conduct described herein, Plaintiff has suffered, and will continue in the future to suffer, severe mental anguish and emotional distress. The ordeal Defendant has put the Plaintiff through has caused her to suffer extreme embarrassment and humiliation.

41. Plaintiff has suffered out-of-pocket expenses, which include travel expenses, attorneys' fees, and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, and enhanced damages, pre-judgment interest, and post-judgment interest.

42. The amount of total damages suffered by Plaintiff is significant and continuing in nature. Such amounts exceed the minimum jurisdictional limits of this Honorable Court. Plaintiff reserves the right to amend and state further with respect to her damages.

**PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

43. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

44. Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

**DEMAND FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer and that upon final hearing, Plaintiff has judgment of and from the Defendant, jointly and severally for:

(a) declaratory judgment;

(b) equitable relief;

(c) past physical pain and mental suffering;

(d) future physical pain and mental suffering;

(e) past and future mental anguish;

(f) past physical impairment;

(g) past loss of enjoyment and quality of life;

(h) future loss of enjoyment and quality of life;

(i) actual, incidental and consequential damages;

(j) past and future medical bills;

(k) reasonable attorney fees;

(l) costs of court;

(m) punitive and exemplary damages in an amount above the minimum jurisdictional limits of this court;

(n) pre-judgment interest at the maximum legal rate for all damages suffered;

(o) post-judgment interest at the maximum legal rate for all damages suffered; and

(p) for such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all the issues so triable.

**Respectfully Submitted,**

**THE LAW OFFICE OF DARIAN HOWARD, PLLC**
211 W. Pleasant Run Rd. #113
Lancaster, Texas 75146
(214) 372.3333 (Telephone)
(214) 242.2061 (Facsimile)

/s/ *Darian Howard*
**Darian Howard**
**State Bar No.  24067669**